Ken HECHT and Those Similarly Situated, Appellants–Plaintiffs,

v.

STATE of Indiana; Indiana Bureau of Motor Vehicles; and Joel Silverman, Commissioner of the Indiana Bureau of Motor Vehicles, Appellees–Defendants.

No. 49A02–0511–CV–1104.

Court of Appeals of Indiana.

Sept. 8, 2006.

Rehearing Denied Nov. 8, 2006.

Arend J. Abel, Kelley J. Johnson, Cohen & Malad, LLP, Indianapolis, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Ken Hecht brings this interlocutory appeal of the trial court's order transferring his class action against Joel Silverman, in his capacity as the Commissioner of the Indiana Bureau of Motor Vehicles, and the Indiana Bureau of Motor Vehicles (collectively, the "BMV")[1] to the Indiana Tax Court.

We reverse and remand with instructions.

---

1. We remind the BMV that in preparing their briefs, practitioners are to follow the rules set out in the current Uniform System of Citation (Bluebook). Ind. Appellate Rule 22. Section B2 of the Bluebook's Blue pages provides: "A citation may be inserted into the text in one of two ways: as a stand-alone citation sentence or as a citation clause." THE BLUEBOOK, A UNIFORM SYSTEM OF CITATION 3 (Columbia Law Review et al. eds., 18th ed.2005). The example within Section B2 is illustrative. Furthermore, the chart in Section B13 identifies the proper format for legal documents: "Citations appear within the text of the document as full sentences or clauses within sentences, directly after the propositions they support." *Id.* at 24. Thus, citations should continue to appear in the text or body of appellate briefs. *See State v. Lopez*, 676 N.E.2d 1063, 1069 n. 1 (Ind.Ct.App.1997), *trans. denied.* "The only exception arises when supplemental information appears in a footnote." *Id.* "Then, a citation to authority for that supplemental information is appropriately included in that same footnote." *Id.*

## ISSUE

Whether Hecht was required to exhaust administrative remedies under Indiana Code section 6–8.1–9–1.[2]

## FACTS

Hecht registered his vehicle at a license branch of the BMV and paid his annual license excise tax, as required by Indiana Code section 6–6–5–2(a), which provides that "[t]here is imposed an annual license excise tax upon vehicles ... in addition to any registration fees imposed on such vehicles," and Indiana Code section 6–6–5–6, which provides that "[t]he payment of the excise tax imposed by this chapter shall be a condition to the right to register or reregister the vehicle...." Hecht paid $139.00, the amount of tax imposed based upon "the classification of the vehicle" and "the age of the vehicle[.]" I.C. § 6–6–5–5(a). Under Indiana Code section 6–6–5–6, Hecht, as the owner of his registered vehicle, was required to pay the excise tax "for each registration year" and "such excise tax shall be due on or before the regular annual registration date in each year...." I.C. § 6–6–5–6.

In 2000, the BMV began splitting registrations to expire either in the middle or at the end of the applicable registration month. *See* http://www.in.gov/bmv/branches/didyouknow.html. Because the registration renewal dates would be staggered based on the last name of the registered vehicle's owner, Hecht would be required to reregister and pay his excise tax on the 15th of his renewal month rather than the last day of the renewal month. Thus, Hecht was required to renew his registration on or before May 15, 2003. *See* http://www.in.gov/bmv/platesandtitles/when.html.

On or about April 14, 2005, Hecht submitted a sworn statement, pursuant to Indiana Code section 6–6–5–7.7, which sets forth the procedure for claiming a credit or refund from the BMV. Hecht's statement provided as follows:

> The undersigned, counsel for Ken Hecht, a taxpayer, hereby submit Mr. Hecht's claim for refund of the motor vehicle excise tax previously paid for plate year 2002–2003, on behalf of Mr. Hecht and all others similarly situated, namely all Indiana motor vehicle excise taxpayers who were required to pay their excise tax on the 15th of the month in 2003, in violation of the Indiana "equal privileges" clause (Ind. Const. Art. 1, § 23); the Indiana "special laws" clause (Ind. Const. Art. 4, §§ 22 and 23); the Indiana "equal taxation" clause (Ind. Const.Art. 10, § 1), and the equal protection clause of the fourteenth amendment [sic] of the Constitution of the United States.

> The total amount demanded on behalf of all such motorists is $8,175,351.01.

(BMV's App. 2). Hecht sought the refund, believing that he "was effectively required to pay sixteen more days' worth of the [excise tax] than other taxpayers, simply by virtue of the spelling of his last name." Hecht's Br. at 5. Purportedly, Hecht received no response from the BMV.

On June 22, 2005, Hecht filed a class action complaint for damages in the Marion County Superior Court against the BMV, seeking a judgment "for the wrongful collection of excess [excise tax] and for the wrongful denial of a claim for refund

---

**2.** Hecht presents the issue as whether the trial court erred in granting the BMV's motion to transfer from improper venue and ordering that Hecht's case be transferred to the Indiana Tax Court. We, however, conclude that the determinative issue is whether he exhausted his administrative remedies.

for excess [excise tax] that has been paid." (Hecht's App. 4). Hecht argued that the staggering of renewal dates "separated taxpayers into two (2) different classes" and such a policy "violates the United States and Indiana State Constitutions, violates both the Federal and State Equal Protection clause, and is otherwise unlawful." (Hecht's App. 6). Hecht further argued that the BMV's failure to respond to his request for a refund "excuses any further resort to the administrative process." (Hecht's App. 6).

The BMV filed its answer and affirmative defenses on July 28, 2005. The BMV asserted the following affirmative defenses:

(1) The trial court lacks subject matter jurisdiction pursuant to Ind. Trial Rule 12(B)(1);

(2) The trial court lacks jurisdiction over the case;

(3) Class certifications are barred in tax cases;

(4) Hecht failed to exhaust his administrative remedies;

(5) Hecht waived his right to a refund;

(6) Hecht failed to state a claim on which relief can be granted pursuant to Trial Rule 12(B)(6); and

(7) Hecht failed to join a party needed for just adjudication pursuant to Trial Rule 12(B)(7).

Also on July 28, 2005, the BMV filed a motion to dismiss Hecht's complaint pursuant to Indiana Trial Rule 12(B)(1), asserting the trial court lacked subject-matter jurisdiction pursuant to Indiana Code section 33–3–5–2.[3]

Hecht, in opposition to the BMV's motion to dismiss, argued, "Indiana law does not provide for plaintiff to seek a refund of the Motor Vehicle Excise Tax from the Department of Revenue, and in fact, *expressly precludes* such claims." (Hecht's App. 27 (emphasis in original)).

The BMV responded that the type of refund Hecht sought is not the overpayment contemplated by Indiana Code section 6–6–5, which covers refunds in the event a vehicle is registered in another state. The BMV argued that since Hecht was not seeking a refund based on registration in another state, he should have sought a determination from the Department of Revenue as it "has the authority to interpret the listed taxes and to make a determination as to whether a refund is due." (Hecht's App. 33). The trial court denied the BMV's motion to dismiss.

On September 15, 2005, the BMV filed a motion to transfer from improper venue pursuant to Trial Rule 12(B)(3), Trial Rule 75 and Tax Court Rule 13, which states, "The Tax Court has exclusive statewide jurisdiction over all original tax appeals, and venue of all original tax appeals shall lie only in the Tax Court." The BMV argued that the proper venue was in Tax Court because:

(1) The Supreme Court's Tax Court Rule 13 provides that the Indiana Tax Court shall have exclusive venue over all tax appeals.

(2) The intent of the Legislature was for all challenges to Indiana tax laws to take place in one court of expertise.

(3) The Department of Revenue has sole legislative power to interpret all statutes pertaining to the [excise tax].

(4) Before the BMV can execute the Plaintiff's request for a refund of [excise tax], the Plaintiff must obtain a ruling

---

**3.** This section was repealed in 2004. The current provision is Indiana Code section 33– 26–3–1.

from the Department of Revenue that establishes his legal entitlement to such a refund.

(5) The Indiana Tax Court has original, exclusive, and statewide jurisdiction over all disputes related to such a ruling.

(Hecht's App. 42).

Hecht replied that the Indiana Tax Court was not the proper venue because he had no remedy before the Department of Revenue. Hecht also asserted that the BMV waived the issue of venue.

The trial court held a hearing on the BMV's motion on October 20, 2005. On October 28, 2005, the trial court granted the motion and ordered that Hecht's case be transferred to the Indiana Tax Court. Hecht brought this interlocutory appeal of right pursuant to Appellate Rule 14(A)(8).

## DECISION

▪ Hecht asserts that neither the Tax Court nor the Department of Revenue has jurisdiction over his case, and therefore, the trial court erred in transferring venue to the Tax Court. Hecht contends that

> [t]he Tax Court has jurisdiction only over final determinations by the Department of Revenue and the Indiana Board of Tax review. By statute, neither of those agencies receives or considers claims for refund of the [excise tax]. Instead, the agency given such authority is the Bureau of Motor Vehicles. Review of decisions of the BMV is by the trial courts of general jurisdiction under Ind.Code § 4–21.5–5.

Hecht's Br. at 7 (internal citations omitted).

▪ In this case, we must address whether Hecht was required to seek a refund under Indiana Code section 6–8.1–9–1 or under Indiana Code section 6–6–5–7.7. Statutory interpretation is a question of law and is reviewed de novo. *Shaffer v.*

*State,* 795 N.E.2d 1072, 1076 (Ind.Ct.App. 2003). When a statute has not been previously construed, the express language of the statute and the rules of statutory construction control our interpretation. *Id.* When construing a statute, our foremost objective is to determine and give effect to the legislature's intent. *Id.*

▪ Statutes must be read in *pari materia* and in harmony with related statutes. *St. Margaret Mercy Healthcare Centers, Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind.Ct.App.2005), *trans. denied.* "When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do so." *Lake Cent. Sch. Corp. v. Hawk Dev. Corp.,* 793 N.E.2d 1080, 1085 (Ind.Ct.App.2003), *trans. denied.* "It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other." *Id.* Otherwise, we must adopt a construction that gives effect to both. *Id.* When two statutes cover the same subject and one does so in general terms while the other does in specific terms, the more specific statute prevails and shall be applied. *Ross v. State,* 729 N.E.2d 113, 116 (Ind.2000).

Indiana Code section 33–26–3–1 provides:

> The tax court is a court of limited jurisdiction. The tax court has exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by:
>
> (1) *the department of state revenue with respect to a listed tax* (as defined in IC 6–8.1–1–1); or
>
> (2) the Indiana board of tax review.

(Emphasis added). This case arises under the tax laws of Indiana because it "principally involves collection or a tax or defens-

es to that collection." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind.1996). Motor vehicle excise taxes are included as "listed taxes" under Indiana Code section 6–8.1–1–1. Furthermore, Indiana Code section 6–6–5–2(b) provides that the excise tax "is a listed tax and subject to the provision of IC 6–8.1." A final determination may be secured by either paying the tax, requesting a refund from the Department of Revenue under Indiana Code section 6–8.1–9–1 and obtaining a decision from the Department of Revenue or by protesting the tax at the assessment level and receiving "a letter of findings denying the protest." *Id.*

Here, there has been no final determination made by the Department of Revenue. Hecht, however, argues that he could not obtain a final determination from the Department of Revenue, and therefore, was not required to exhaust any administrative remedy prior to filing his class action. We disagree.

Indiana Code section 6–8.1–9–1 addresses the procedure for claiming a refund from the Department of Revenue "when a person has paid more tax than the person determines is legally due for a particular taxable period...." I.C. § 6–8.1–9–1(a). Subsection (e), however, states "[w]ith respect to the motor vehicle excise tax, this section applies only to penalties and interest paid on assessments of the motor vehicle excise tax. Any other overpayment of the motor vehicle excise tax is subject to IC 6–6–5." I.C. § 6–8.1–9–1(e).

Accordingly, Indiana Code section 6–6–5–7.7 sets forth the procedure for obtaining a refund of the excise tax, namely to provide a sworn statement to the BMV or one of its agent branches. This is what Hecht did. The refund sought by Hecht, however, was not the type of refund contemplated or allowed by Chapter 5.

A refund of the excise tax under Chapter 5 is allowed "if, after the owner's regular registration date: (1) The owner registers the vehicle for use in another state; and (2) The owner pays tax for use of the vehicle to another state for the same time period which the tax was paid under this chapter." I.C. § 6–6–5–7.4(a). To claim such a refund, however, "the owner of the vehicle must provide the bureau with: (1) A request for a refund on a form furnished by the bureau; and (2) Proof that a tax described in subsection (a)(2) was paid." I.C. § 6–6–5–7.4(c).[4]

While we acknowledge that Article 6 deals with more specific subject matter than Article 8. 1, and that Article 8.1 does exclude certain procedures relating to the excise tax, Article 6 is only applicable in the context of refunds of the excise tax due under those specific circumstances described in Indiana Code section 6–6–5–7.4. It does not render Article 8.1's procedures for seeking a refund due to other circumstances inapplicable to excise taxes. Addi-

---

**4.** Indiana Code section 6–6–5–7.4 provides in full:

(a) The owner of a vehicle registered with the bureau is entitled to a refund of taxes paid under this chapter if, after the owner's regular registration date:
(1) the owner registers the vehicle for use in another state; and
(2) the owner pays tax for use of the vehicle to another state for the same time period which the tax was paid under this chapter.
(b) The refund provided under subsection (a) is equal to:

(1) the annual license excise tax paid for use of the vehicle by the owner of the vehicle for the year; minus
(2) ten percent (10%) of the annual license excise tax paid for use of the vehicle for each full or partial calendar month between the date the annual license excise tax was due and the date the owner registered the vehicle for use in another state.

Indiana Code section 6–6–5–7 addresses when an owner is entitled to a reduction or credit.

tionally, seeking a refund of overpayment of an excise tax because it is unconstitutional is not provided for by Article 6, and actually, is precluded by Article 6 as it requires a vehicle owner to provide specific evidence that the owner is entitled to a refund. *See* I.C. § 6–6–5–7.4(c). Thus, in this case, Article 6 does not apply, and the proper procedure for seeking a refund falls under Article 8.1.

■ As noted, Indiana Code section 6–8.1–9–1 provides that a "person may file a claim for a refund with the department [of revenue]." This language has " 'been uniformly interpreted by the courts to be an explicit expression of the intent of the legislature that a taxpayer's sole and exclusive remedy, whether requesting a refund or questioning the legality of the imposition of a tax, is the statutory remedy provided by that section.' " *Zayas v. Gregg Appliances, Inc.*, 676 N.E.2d 365, 367 (Ind.Ct.App.1997), *trans. denied.*

■ Given that Hecht should have claimed his refund under Article 8. 1, we now turn to whether the trial court has subject matter jurisdiction to hear Hecht's case. The requirement of subject matter jurisdiction is such that "[e]ven if no party raises the issue, 'Where lack of subject matter jurisdiction in the original tribunal is apparent from the record, it is the duty of the reviewing court to raise and determine the issue sua sponte.' " *City of Marion v. Howard*, 832 N.E.2d 528, 531 (Ind. Ct.App.2005) (quoting *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1223 n. 8 (Ind.2000)), *trans. denied,*

*cert. denied,* —— U.S. ——, 126 S.Ct. 2358, 165 L.Ed.2d 280 (2006). "A failure to exhaust administrative remedies deprives a trial court of subject matter jurisdiction over a complaint challenging agency action." *Howard,* 832 N.E.2d at 531.

Regarding class actions, Indiana Code section 6–8.1–9–7 states:

> A class action for the refund of a tax subject to this chapter may not be maintained in any court, including the Indiana tax court, on behalf of any person who has not complied with the requirements of 1(a) [IC 6–8.1–9–1(a) ] of this chapter before the certification of the class.

Thus, until Hecht files a claim for refund with the Department of Revenue, "the judiciary of this state lacks subject matter jurisdiction over the cause of action." *Zayas,* 676 N.E.2d at 365. Accordingly, we hereby reverse and remand with instructions to the trial court to dismiss Hecht's case.[5]

Reversed and remanded.

RILEY, J., and VAIDIK, J., concur.

---

5. Even if Hecht were not filing a class action, he still would be obligated to first seek a refund under Indiana Code section 6–8.1–9–1, and the Tax Court then would have exclusive jurisdiction over the Department of Revenue's determination. *See* I.C. § 33–26–3–1. *See also State v. Sproles,* 672 N.E.2d at 1362 (holding that "courts of general jurisdiction lack authority to entertain a constitutional challenge to a listed tax . . .)"; *Title Services, LLC v. Womacks,* 848 N.E.2d 1151, 1155 (Ind. Ct.App., 2006) ("When the legislature has provided a statutory scheme with an exclusive administrative remedy, our courts lack jurisdiction to hear the matter until the administrative procedures have been exhausted or a request for relief has been denied.").