Dan LOCKARD, Appellant–Petitioner,

v.

Charles MILES, Appellee–Respondent,

John Mullican, Intervenor.

No. 84A04–0708–CV–493.

Court of Appeals of Indiana.

March 18, 2008.

John David Hoover, Daniel K. Burke, Hoover Hull LLP, Indianapolis, IN, Attorneys for Appellant.

Mark W. Mullican, Mullican Law Office, Terre Haute, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Dan Lockard appeals the trial court's order denying his petition for election contest. Specifically, Lockard argues that the death of his only opponent, Charles Miles, just weeks before the May 2007 Democratic Party primary election for a seat on the Terre Haute City Council rendered Miles ineligible, making Lockard the winner. Because a candidate vacancy that exists on a primary election ballot may not be filled

for the primary election, Miles' name properly remained on the ballot. Because Miles defeated Lockard in the primary election, leaving the Democratic Party without a candidate in the upcoming general election, the caucus process was triggered. The party caucus was held, and John Mullican was selected over Lockard to fill the vacancy created by Miles' death and victory in the primary. Because Mullican was properly selected to fill the vacancy, we affirm the trial court.

### Facts and Procedural History

The facts of this case are undisputed.[1] Lockard and Miles were the only candidates on the ballot for the May 2007 Democratic Party Primary Election for City Council District 6 in the City of Terre Haute, Indiana. On April 18, 2007, Miles passed away. Local television and print news outlets first reported Miles' death on April 19, 2007, and they continued to reference Miles' death through the date of the Primary Election. The Primary Election was held on May 8, 2007, and Miles' name remained on the ballot. Miles received 703 votes compared to Lockard's 538 votes. Shortly after the election, the Vigo County Democratic Chairman, pursuant to Indiana Code § 3–13–1–8, filed a Notice of Party Caucus to Fill a Candidate Vacancy, which announced that a caucus would be held on May 31, 2007, to fill the candidate vacancy for City Council District 6.

On May 21, 2007, Miles was certified as the winner of the primary election. On the following day, Lockard filed a Verified Petition for an Election Contest arguing that due to Miles' death, Miles did not meet the residency requirements to run for office. In the meantime, four candidates, including Lockard and Mullican, filed a declaration of candidacy for City Council District 6. At the May 31, 2007, caucus, Mullican received the majority of the votes and was certified the winner. Thereafter, Mullican filed a motion to intervene in the election contest proceedings, which the trial court granted. After a hearing, on August 10, 2007, the special judge appointed to the case issued findings of fact and conclusions of law denying Lockard's petition for election contest. Specifically, the trial court found that the issue was not whether Miles met the residency requirements but rather the proper statutory procedure to follow upon the death of a candidate before a primary election. Lockard now appeals.

### Discussion and Decision

Lockard contends that the trial court erred in denying his petition for election contest. Specifically, Lockard argues, "By virtue of [Miles'] death on April 18, 2007 (twenty days before the Primary Election), Miles was unable to fulfill the statutory residency requirements [Indiana Code 3–8–1–27] for a candidate for a city council seat." Appellant's Br. p. 6. As such, Lockard's argument continues, "The plain, unambiguous language of Ind.Code § 3–12–8–17(c) requires that Lockard be declared the winner of the Primary Election." Id. at 8. Mullican, on the other hand, argues that "[t]he clear and unambiguous language of Ind.Code § 3–13–1–2 does not allow a political party to fill a candidate vacancy on a primary ballot. . . . Therefore, any candidate, such as Miles, that dies must remain on the primary ballot. . . ." Appellee's Br. p. 6. As such, Mullican's argument continues, any vacancy on a primary election ballot is filled according to Indiana Code § 3–13–1–2. It is apparent that each party relies upon a

---

1. In fact, the parties filed a Joint Stipulation of Facts with the trial court. *See* Appellant's App. p. 25.

different set of statutes in Title 3 to support their respective positions. The issue of the proper statutory procedure to follow upon the death of a candidate before a primary election is an issue of first impression in this State.

 Before analyzing the various statutes cited by the parties, we set forth the following tenets of statutory construction. Statutes must be read *in pari materia* and in harmony with related statutes. *Hecht v. State*, 853 N.E.2d 1007, 1011 (Ind. Ct.App.2006), *reh'g denied, trans. denied.* "When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do so." *Id.* (quotation omitted). "It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other." *Id.* (quotation omitted). Otherwise, we must adopt a construction that gives effect to both. *Id.* "When two statutes cover the same subject and one does so in general terms while the other does in specific terms, the more specific statute prevails and shall be applied." *Id.* (citing *Ross v. State*, 729 N.E.2d 113, 116 (Ind.2000)). We now turn to the parties' arguments.

Lockard argues that because of Miles' death, Miles could not fulfill the statutory residency requirements for a candidate for a city council seat. Lockard relies on Indiana Code § 3–8–1–27, which provides:

A candidate for membership on common council of a second [2] or third class city must:

(1) have resided in the city for at least one (1) year; and

(2) have resided in the district in which seeking election, if applicable, for at least six (6) months;

before the election.[3]

Ind.Code § 3–8–1–27. This statute, which is located in the chapter addressing qualifications for candidates, sets forth the residency requirements for a candidate for membership on a common council of a second or third class city. Lockard claims that because of Miles' death, Miles could not "reside" in the City of Terre Haute, District 6, or anywhere else for that matter, for any period of time, much less comply with the one-year and six-month residency requirements. Lockard asserts that because Miles was no longer an eligible candidate, Indiana Code § 3–12–8–17(c) [4]—which provides that if a candidate is ineligible, the qualified candidate receiving the highest number of votes is the winner—requires that Lockard "be declared the winner of the Primary Election." Appellant's Br. p. 8. Although Miles was subject to the residency requirements, we find that there are more specific statutes addressing what happens when a candidate dies as opposed to when a candidate becomes ineligible, and therefore these more specific statutes addressing the death of a candidate shall be applied to this case. *See Hecht*, 853 N.E.2d at 1011 ("When two statutes cover the same subject and one does so in general terms while the other does in specific terms, the more

---

2. Terre Haute is a second-class city.

3. As used in Indiana Code chapter 3–8–1, "before the election" means a general, municipal, or special election. Ind.Code § 3–8–1–1.7.

4. Indiana Code § 3–12–8–17(c) provides, "After hearing and determining a petition alleging that a candidate is ineligible, the court shall declare as elected or nominated the qualified candidate who received the highest number of votes and render judgment accordingly." Lockard argues that he "received the most votes of any qualified, eligible candidate at the Primary Election and should have been declared the nominee." Appellant's Br. p. 9.

specific statute prevails and shall be applied.").

We start with Indiana Code § 3–11–3–29.5(a), which specifically addresses the death of a candidate:

(a) The election division or an election board shall act under subsection (c) to print new ballots or have pasters made to cover the name of a candidate who has died or is no longer a candidate under IC 3–13–2–1 [5] if:

(1) the candidate's party does not fill the vacancy under IC 3–13–1 [Early Candidate Vacancies] or IC 3–13–2 [Late Candidate Vacancies] not later than noon, five (5) days before the election; and

(2) when a candidate has died, the election division or election board:

(A) receives a certificate of death issued under IC 16–37–3 not later than noon the seventh day before the election; or

(B) by unanimous vote of the entire membership that there is good cause to believe that the candidate has died.

Ind.Code § 3–11–3–29.5(a). This statute makes a distinction between Early Candidate Vacancies and Late Candidate Vacan-

cies. Here, the statute on Early Candidate Vacancies applies because Miles died more than thirty days before the general election. Specifically, Indiana Code § 3–13–1–1 provides:

Except as provided in section 18 or 20 of this chapter [neither of which apply here], this chapter applies to the filling of a candidate vacancy that arises *for any reason* if the vacancy leaves a major political party without a candidate for the office and occurs before the thirtieth day before a general, special, or municipal [6] election.

Ind.Code § 3–13–1–1 (emphasis added). When dealing with Early Candidate Vacancies, a vacancy that exists on a primary election ballot may not be filled. According to Indiana Code § 3–13–1–2,

*A candidate vacancy that exists on a primary election ballot may not be filled for the primary election.* The resulting vacancy on the following general or municipal election ballot may be filled in the manner prescribed by this chapter, but only if it is filled by noon June 30 before election day.

Ind.Code § 3–13–1–2 (emphasis added).[7]
Therefore, while a candidate's name on a

---

5. Indiana Code § 3–13–2–1 provides:

This chapter [Late Candidate Vacancies] applies to the filling of a candidate vacancy that exists due to the:
(1) death of a political party's candidate;
(2) withdrawal of a candidate who has moved from the election district;
(3) disqualification of a candidate under IC 3–8–1–5; or
(4) issuance of a court order under IC 3–8–7–29(d);
for nomination or election to an office at a general, municipal, or special election after the thirty-first day before a general, municipal, or special election.

6. A municipal election is one "in which the electorate of a municipality chooses by ballot public officials for the municipality or decides a public question lawfully submitted to the

electorate of the municipality." Ind.Code § 3–5–1–2(2).

7. The predecessor to this statute, Indiana Code § 3–1–11–10—which was repealed in 1986—specifically addressed candidate vacancies due to the death of a candidate before a primary election. Under that statute, if the primary election candidate died more than thirty days before the primary election, then certain procedures had to be followed. However, if the primary election candidate died less than thirty days before the primary election, then the statute provided that the candidate vacancy "may not be filled for the primary election. The resulting vacancy in the following general, city, or town election may be filled in the manner provided by this section, but such a vacancy may not be filled after noon on September 1." Ind.Code § 3–1–11–10 (repealed by P.L. 5–1986, Sec. 61).

general election ballot may be removed pursuant to Indiana Code § 3–11–3–29.5(a), a candidate's name on a primary election ballot may not. That is, Indiana Code § 3–11–3–29.5(a) provides that the election division or an election board "shall" print new ballots or have pasters made to cover the name of a candidate who has died "if . . . the candidate's party does not fill the vacancy under IC 3–13–1 [Early Candidate Vacancies] or IC 3–13–2 [Late Candidate Vacancies]. . . ." Because Indiana Code chapter 3–13–1 prohibits the candidate's party from filling a candidate vacancy on a primary election ballot, the requirements of Indiana Code § 3–11–3–29.5(a) can never be met for Early Candidate Vacancies before a primary election. It therefore follows that a primary candidate who dies before the primary election remains on the ballot.

■ Synthesizing these statutes and applying them to the facts of this case, we start with the proposition that a candidate vacancy on a primary election ballot may not be filled. *See* I.C. § 3–13–1–2. This means that the vacancy on the primary election ballot for City Council District 6 resulting from Miles' death could not be filled, and Miles' name properly remained on the ballot. The election took place amid extensive media coverage of Miles' death, but Miles was still elected and certified the winner. This then created a vacancy on the general election ballot, leaving the Democratic Party without a candidate. Indiana Code § 3–13–1–2 directs that the resulting vacancy on the following general election ballot may be filled by a caucus vote in accordance with Indiana Code chapter 3–13–1 but only if it is filled by noon June 30 before election day. The party caucus was held on May 31, 2007, pursuant to Indiana Code § 3–13–1–6, and Mullican was elected by the caucus to fill the vacancy

caused by Miles' death and victory in the primary election.

As the trial court aptly observed, "It seems that Indiana election law has been drafted to provide a procedure whereby a deceased candidate's name can be removed from the general election ballot but not from the primary ballot." Appellant's App. p. 42. The intent of the legislature appears to be not to automatically thrust upon the voters of a party a candidate in the general election who has lost to another in the primary election. Indeed, Indiana Code § 3–5–1–2(3)(A) provides that a primary election is conducted for the purpose of choosing by ballot the candidates who will be the nominees of a political party for elected offices in a general or municipal election. Here, the voters selected the deceased candidate, Miles, over Lockard, which triggered the caucus process. Because Miles was elected despite reports of his death, it is reasonable to conclude that the voters cast ballots for Miles to ensure that Lockard was not chosen as the Democratic Party's candidate for the general election. If the legislative intent were otherwise, the remedy would have been to utilize the same statutory process in general elections for the removal of a candidate's name by reprinting the ballots or covering the name on the ballots already printed pursuant to Indiana Code § 3–11–3–29.5. The trial court properly determined that Mullican was elected by the caucus to fill the vacancy created by Miles' death and victory in the primary election.

In addition, we note that Indiana Code § 3–8–1–5.5 provides:

(a) Except as provided in IC 3–13–1–19 and IC 3–13–2–10 for filling a vacancy on a ticket, a person who:

(1) is defeated in a primary election;

(2) appears as a candidate for nomination at a convention and is defeated;

(3) files a declaration of candidacy for nomination by a county, city, or town convention and is defeated; or

(4) files a declaration of candidacy for nomination by a caucus conducted under IC 3–13–1 or IC 3–13–2 and is defeated;

is not eligible to become a candidate for the same office in the next general or municipal election.

Ind.Code § 3–8–1–5.5. Because Lockard was defeated in the primary election and filed a declaration of candidacy for nomination by a caucus and was defeated, Lockard was not eligible to become a candidate for City Council District 6 in the 2007 general election. We therefore affirm the trial court's denial of Lockard's petition for election contest.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.