In The Matter of the Supervised Administration of the ESTATE OF Lawrence W. INLOW, Deceased,

Anita Inlow and Anita Inlow as Guardian of Jesse Inlow, Appellants–Respondents,

v.

Jason L. Inlow, Heather N. Johnson, Jeremy H. Inlow And Sarah C. Inlow. Appellees–Petitioners.

No. 29A02–0712–CV–1039.

Court of Appeals of Indiana.

Sept. 18, 2008.

---

Jack G. Hittle, Church, Church, Hittle & Antrim, Noblesville, IN, Attorney for Appellants.

Marvin J. Frank, Robert M. Hamlett, Frank & Kraft, P.C., Indianapolis, IN, Attorneys for Appellees, Jason L. Inlow, Jeremy H. Inlow & Sarah C. Inlow.

Vicki L. Anderson, Joseph M. Hendel, Hackman Hulett & Cracraft, LLP, Indianapolis, IN, Attorneys for Appellee, Heather N. Johnson.

## OPINION

VAIDIK, Judge.

### Case Summary

Following Indianapolis attorney Lawrence W. Inlow's funeral and burial, his widow, Anita, paid those expenses and then received reimbursement from his estate ("estate"). In turn, the Personal Representative of his estate and four of his five children sought reimbursement of these expenses from Inlow's wrongful death settlement proceeds ("wrongful death proceeds"). The trial court approved this reimbursement. Anita filed a motion to correct error, arguing that the trial court had distributed proceeds from the wrongful death proceeds contrary to Indiana Code § 34–23–1–1. The trial court denied the motion, and Anita now appeals. She argues that Indiana Code § 34–23–1–1 requires the payment of funeral and burial expenses from a wrongful death award to a decedent's estate only where the award specifies what portion is attributable to funeral and burial expenses. Concluding that Inlow's funeral and burial expenses were properly reimbursed to his estate, we affirm.

### Facts and Procedural History

The relevant facts are that Inlow served as an executive vice president and general counsel of Conseco, Inc. On May 21, 1997, while disembarking from a company helicopter, Inlow was struck by a helicopter rotor blade and died instantly. He was survived by his second wife, Anita, and five children from his two marriages. Inlow's children from his first marriage are Jason, Heather, Jeremy, and Sarah (the "older Inlow children"). His child with Anita is Jesse. Inlow died without a will to direct the distribution of his large estate, which was at one time worth more than $100,000,000. Appellant's Br. p. 7 n. 1. After his funeral, Inlow was entombed in a mausoleum. The total cost of his funeral and burial was $284,034.00. Anita initially paid the costs of the funeral and burial.

After Inlow's death, a Personal Representative was appointed for his estate.

Later, Fifth Third Bank ("Fifth Third") became the Successor Personal Representative of the estate. As a separate matter, Inlow's heirs, acting through First National Bank and Trust Company ("First National") as the appointed Special Administrator of a wrongful death action filed against a number of defendants, reached a wrongful death settlement with Conseco in the amount of approximately $884,713.11.[1] The settlement was not itemized. Appellant's App. p. 258–59. The trial court approved this settlement.

Anita sought and received reimbursement from Inlow's estate for the $284,034.00 she paid for his funeral and burial. In turn, Fifth Third and the older Inlow children filed a claim seeking reimbursement of these expenses to the estate from Inlow's wrongful death proceeds. Anita objected to the reimbursement.[2] The trial court issued an order approving Fifth Third's claim for reimbursement. *Id.* at 101. Anita filed a motion to correct error, arguing that the trial court distributed proceeds from the wrongful death proceeds contrary to Indiana Code § 34–23–1–1. The court denied the motion, and Anita now appeals.

### Discussion and Decision

Anita appeals the trial court's denial of her motion to correct error. We review rulings on motions to correct errors for abuse of discretion. *Baumgart ex rel. Baumgart v. DeFries,* 888 N.E.2d 199, 205 (Ind.Ct.App.2008). A trial court abuses its discretion if its decision is against the logic and effect of the facts and circumstances before the court. *Id.* However, to the extent that we are reviewing the trial court's interpretation and application of Indiana Code § 34–23–1–1, our review is *de novo* because the interpretation of a statute is a question of law. *In re Paternity of H.H.,* 879 N.E.2d 1175, 1177 (Ind. Ct.App.2008).

This case revolves around the meaning and application of Indiana Code § 34–23–1–1. When faced with a question of statutory interpretation, we first examine whether the language of the statute is clear and unambiguous. *City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind.2007). If it is, we will not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings. *Id.* However, when a statute is susceptible to more than one interpretation, it is deemed ambiguous and open to judicial construction. *Id.* It is a well-established rule of statutory construction that we will attempt to determine and

---

1. Inlow's heirs, by First National, filed suit against a number of defendants in federal district court, alleging, in part, wrongful death. The district court granted summary judgment in favor of the defendants. *In re Lawrence W. Inlow Accident Litigation,* 2002 WL 970403 (S.D.Ind. Apr.16, 2002). Inlow's heirs appealed, and during the pendency of the appeal a partial settlement was reached with Conseco. Appellant's App. p. 121. Ultimately, the Seventh Circuit Court of Appeals affirmed the district court's decision. *First Nat'l Bank & Trust Corp. v. Am. Eurocopter Corp.,* 378 F.3d 682 (7th Cir.2004).

   The parties do not provide us with a copy of the wrongful death settlement. However, they referenced relevant facts about the settlement in the hearing on the estate's request for reimbursement from the wrongful death proceeds. Appellant's App. p. 255, 258–59.

2. Anita asserts that, if the wrongful death proceeds are used to pay Inlow's funeral and burial expenses, the proceeds will be depleted such that she and Jesse will receive very little money from the settlement. She contends that as a result of a separate mediated agreement among Inlow's heirs, if the wrongful death proceeds are used to reimburse the estate, the older Inlow children and any other heirs will receive portions of the $284,034.00 reimbursement, while she and Jesse will receive no portion of this money. Appellant's Br. p. 8–9.

give effect to the intent of the Legislature, and, to this end, we read provisions of a statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *Id.* We will not presume that a statute was to be applied in an illogical manner. *State v. Hensley,* 716 N.E.2d 71, 76 (Ind.Ct.App. 1999), *trans. denied.*

Anita contends that the trial court erred in ordering the reimbursement of Inlow's funeral and burial expenses from the wrongful death proceeds to the estate. She argues Indiana Code § 34–23–1–1 allows only those damages expressly recovered for funeral and burial expenses to be reimbursed to the estate. Thus, because the wrongful death proceeds are for unspecified damages rather than for itemized damages, Anita argues that they may not be used to reimburse the estate for funeral and burial costs.

Indiana Code § 34–23–1–1 provides in relevant part:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.... [T]he damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. *That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof.* The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

(Emphasis added). The parties dispute the application of the requirement that the "part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof." Ind.Code § 34–23–1–1. Anita contends that we cannot determine whether *any* of the wrongful death proceeds were recovered for funeral and burial expenses because the settlement does not specify the damages for which it sought to compensate Inlow's heirs. Appellant's Br. p. 8. The older Inlow children counter that the statute does not call for itemization; instead, the statute requires that the wrongful death damages award be used first to reimburse a decedent's estate for reasonable medical, hospital, funeral, and burial expenses that were incurred whether or not a portion of the award was designated for these expenses.

The statute's requirement that the damages "recovered for" funeral and burial expenses is ambiguous as to whether the damages must be expressly recovered for those things. However, as we read this provision in conjunction with the rest of the statute, as we must, it becomes apparent that the Legislature did not intend to impose an itemization requirement upon wrongful death awards. Nowhere in Indiana Code § 34–23–1–1 is itemization of the bases for wrongful death awards mentioned. Further, when we look beyond Indiana Code chapter 34–23–1 to Indiana Code chapter 34–51–2, the portion of the code dealing with compensatory damages for injuries or death to a person or harm to property, we see that when such cases

are brought to trial before juries or judges, there is no statutory itemization requirement for damages. Rather, once the factfinder determines that recovery is not barred by the injured party's level of fault, the factfinder uses the "total amount of damages the claimant would be entitled to recover if contributory fault were disregarded" as the starting point for calculating damages. Ind.Code § 34–51–2–7(b)(3). The factfinder then multiplies this amount by the defendant's percentage of fault, and the verdict is simply "the amount of the product of that multiplication." I.C. § 34–51–2–7(b)(4). The verdict need not include an itemization of the components of the damages award.[3] It would be illogical to impose an itemization requirement for wrongful death awards while no such requirement exists for other personal injury awards. We do not read Indiana Code § 34–23–1–1 to require parties entering into a wrongful death settlement to itemize the settlement award. Instead, we agree with *Goldman v. Cha*, 704 N.E.2d 157, 158 (Ind.Ct.App.1999) (quoting I.C. § 34–23–1–1), *trans. denied,* that Indiana Code § 34–23–1–1 simply requires that "damages over and above reasonable medical, hospital, funeral and burial expenses, 'shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children' or dependent next of kin." Thus, Inlow's undisputed funeral and burial expenses were properly reimbursed to his estate.

Regardless, here it is clear that a portion of the wrongful death proceeds were "recovered for" Inlow's funeral and burial expenses. In its order denying Anita's

motion to correct error, the trial court expressly found, and we agree, that "First National Bank & Trust serving as Special Administrator in the Wrongful Death cause specifically referred to funeral and burial expenses in the Wrongful Death Complaint[.]" Appellant's App. p. 246. *See id.* at 136 ¶ 9, 137 ¶ 15 ("As a direct and proximate result of the negligence of Defendant ..., Lawrence W. Inlow suffered severe and permanent injuries resulting in death, causing his estate to incur significant burial expenses...."). It is thus apparent that the parties to the settlement contemplated, among the other damages to Inlow's heirs, the cost of his funeral and burial, and the amount of the expenses incurred for these purposes is undisputed.

The trial court did not abuse its discretion in denying Anita's motion to correct error.

Affirmed.

MATHIAS, J., concur.

MAY, J., dissents with separate opinion.

MAY, Judge, dissenting.

The majority would uphold the award to the estate of proceeds from the wrongful death settlement in an amount equal to the funeral and burial expenses, on the premise Ind.Code § 34–23–1–1 does not require "itemization" of wrongful death award proceeds. Because the statute undoubtedly requires such damages be categorized, if not "itemized," I must respectfully dissent.

3. As counsel for the older Inlow children argued at a hearing dealing with the question of reimbursement to the estate,

> [I]f the wrongful death case had been tried to a conclusion, to a jury verdict, there would have been no amounts specifically set aside for funeral expense. The jury

> would have entered a verdict for an aggregate amount and under Indiana rules at least, although the wrongful death case is in federal court, the jury couldn't even have been asked how much did you allocate to funeral expenses.

Appellant's App. p. 256–57.

The majority, citing Ind.Code chapter 34–51–2, correctly notes the general rule that there is no requirement compensatory damage awards be itemized: "It would be illogical to impose an itemization requirement for wrongful death awards while no such requirement exists for other personal injury awards." (Op. at 738.) But the statute specifically addressing wrongful death awards has exactly that effect, and it controls. When two statutes cover the same subject and one does so in general terms while the other does so in specific terms, the more specific statute will be applied. *Lockard v. Miles*, 882 N.E.2d 288, 290 (Ind.Ct.App.2008).

There is, obviously, no explicit "itemization" requirement in the wrongful death statute. But it is just as obvious that Ind.Code § 34–23–1–1 does require the amount of damages recovered for the category of "reasonable medical, hospital, funeral and burial expense" be measured and defined. Wrongful death damages

> shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. *That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any,* or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

Ind.Code § 34–23–1–1 (emphasis added).

So, while the statute does not explicitly require "itemization" of the wrongful death award, it does require that the damages be *categorized* as either (1) medical, hospital, funeral, and burial expense-related or (2) all other damages. That this allocation is required is apparent from the provision that funds in the two different categories be distributed to different entities. Those damages in the first category go to the estate, and the damages in the second category go to the widow and dependent children. There is no way to direct the proceeds to those different entities as the statute requires without knowing the amount of damages within each category.

The parties to this settlement agreement apparently contemplated part of the recovery was for funeral and burial expenses, but there is no indication how much expense was contemplated. The parties, had they addressed it, might have thought the nearly $285,000 Anita spent did not represent the "reasonable" expense the statute calls for. Anita argues we cannot know whether *any* of the wrongful death award was for burial and funeral expenses, but that is quite unlikely. The Estate's premise seems to be that whatever Anita actually paid necessarily represents the "reasonable" expense the statute contemplates, which premise seems inconsistent with the language of the statute.

The statute is explicit that funeral and burial expenses are, in this context, an estate obligation. The majority result burdens Anita with an expense (in the form of her loss of wrongful death benefits) the estate should incur. Our policy regarding wrongful death benefits generally favors distribution to the widow (here, Anita) and dependent child, and not to the estate:

> Wrongful death damages do not become a part of the decedent's estate and are not subject to the claims of decedent's creditors. The clear policy in Indiana as expressed in the decisions and statutes

is that recovery of damages in wrongful death actions is only for the purpose of compensating for the pecuniary loss of a surviving spouse or dependent caused by the death of the decedent and to reimburse death creditor beneficiaries.

\* \* \* \* \*

According to the Wrongful Death Statute only a dependent is entitled to lost earnings. If the [personal representative] were allowed to recover those damages which are intended to benefit dependents, those damages would be paid to persons not contemplated by the Wrongful Death Statute ... contrary to the intent of the legislature.... The purpose of the Wrongful Death Statute is to provide for dependents, not to punish someone who causes a wrongful death. To allow damages which would not go to a dependent who has suffered pecuniary loss from the death of a decedent would not serve the purpose of the statute, but would serve only to punish the appellant.

*Thomas v. Eads,* 400 N.E.2d 778, 783 (Ind. Ct.App.1980).

I would accordingly remand for the measurement and categorization of damages Ind.Code § 34–23–1–1 requires and for distribution consistent with that section.