ATTORNEY FOR APPELLANTS
Jack G. Hittle
Church, Church, Hittle & Antrim
Noblesville, Indiana

ATTORNEYS FOR APPELLEES
JASON L. INLOW, JEREMY H. INLOW,
AND SARAH C. INLOW
Marvin J. Frank
Robert M. Hamlett
Frank & Kraft
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
HEATHER N. JOHNSON
Vicki L. Anderson
Joseph M. Hendel
Hackman Hulett & Cracraft
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Nov 18 2009, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 29S02-0902-CV-89

IN THE MATTER OF THE SUPERVISED ADMINISTRATION OF THE
ESTATE OF LAWRENCE W. INLOW, DECEASED

ANITA INLOW AND ANITA INLOW AS GUARDIAN OF JESSE INLOW,       *Appellants,*

v.

JASON L. INLOW, HEATHER N. JOHNSON, JEREMY H. INLOW, AND
     SARAH C. INLOW,                                          *Appellees*.

Appeal from the Hamilton Superior Court, No. 29D02-9705-ES-60
The Honorable Steven R. Nation, Special Judge

On Transfer from the Indiana Court of Appeals, No. 29A02-0712-CV-1039

**November 18, 2009**

**Dickson, Justice**.


When the proceeds from a pre-trial settlement of a special administrator's wrongful death action are not specifically allocated between different types of damages, to what extent is the decedent's estate entitled to payment therefrom for the decedent's funeral and burial costs?   To address this question, we granted transfer.

Lawrence W. Inlow died from injuries sustained when struck by a helicopter rotor blade. Letters of Administration for his probate estate were issued in May 1997. After paying the decedent's funeral and burial costs totaling $284,034, his widow, Anita Inlow, sought and received full reimbursement from the Estate. In December 1998 the court appointed a Special Administrator to investigate and pursue a wrongful death action, which was thereafter filed in the United States District Court for the Southern District of Indiana. Before coming to trial, however, a compromise settlement was reached by the parties and approved by the court supervising the probate estate in June 2003. The settlement proceeds were not distributed immediately and, as of January 3, 2006, totaled $899,158.92 of which $309,569.54 was available for distribution to the parties.[1] Appellant's App'x at 210–13.

Separate from the wrongful death settlement, the heirs to the Estate and its Successor Personal Representative, Fifth Third Bank, reached a general agreement regarding distribution of estate assets. The details of this settlement are not presented in the record on appeal, but it was approved by the court on March 5, 2004, and the widow describes it as providing a final fixed payment of the remaining assets in the general estate to go to her and her son. Appellant's Br. at 9. None of the parties assert that this estate settlement addressed the undistributed wrongful death settlement proceeds. In November 2004 the Special Administrator in the wrongful death action, First National Bank and Trust Company, petitioned the court for distribution instructions regarding the wrongful death settlement, in response to which Fifth Third Bank filed a claim seeking $284,034 from the proceeds of the wrongful death settlement to reimburse the Estate for its payment of funeral and burial expenses. The court approved the Estate's claim, the widow appealed, and the Court of Appeals affirmed. In re Estate of Inlow, 893 N.E.2d 734 (Ind. Ct. App. 2008). We granted transfer.

The widow has opposed the Estate's claim for reimbursement, arguing that such claim violates the provisions of the Wrongful Death Act, Indiana Code § 34-23-1-1, the relevant language of which provides:

---

[1] The wrongful death settlement in the amount of $884,713.11 had accrued $14,445.81 in interest for a grand total of $899,158.92. Disbursements totaling $589,589.38 were taken primarily for various attorney fees, attorney expenses, and Special Administrator's fees. Special Administration Final Accounting, Appellant's App'x at 213.

2

> When the death of one is caused by the wrongful act or omission of another, . . . the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

Ind. Code § 34-23-1-1. Emphasizing that no part of the wrongful death settlement "was specifically recovered for funeral or burial expenses," Appellant's Br. at 8, the widow contends that none of it falls within the statutory phrase "[t]hat part of the damages which is recovered for . . . funeral and burial expense," and thus, none of it should be paid to the Estate to reimburse such expenses but instead should be distributed to the widow and dependent children under the "remainder of the damages" language of the Act.

The widow asserts that, if the wrongful death proceeds are transferred to the Estate, she will realize no benefits from those funds, as her rights with respect to the Estate were previously settled by the agreement approved in March 2004. She further states that, if distributed as part of the wrongful death settlement, the contested funds will be distributed to the widow and the dependent children, which would include both the child born of her marriage to the decedent and also the children born of his first marriage. *Id.* These assertions are not disputed. The appellees, children of the decedent's first marriage, argue that provisions of the Wrongful Death Act should be construed to require full payment of funeral and burial costs from the wrongful death settlement proceeds to the Estate.

The Wrongful Death Act contains no provisions expressly applicable to the distribution of proceeds from settlements before adjudication of the amount of damages. The Act directs that, in a wrongful death action, "the damages shall be in such an amount as may be determined by the court or jury." Ind. Code § 34-23-1-1. Its directive regarding payment of "reasonable medical, hospital, funeral and burial expense" applies only to "[t]hat part of the damages," which refers to the damages "determined by the court or jury." *Id.* Such damages thus must be understood in the context of adjudicated damages. Personal injury damage claims or actions, including

3

those for wrongful death, are commonly resolved by settlement agreements before the amount of actual damages is determined by a court or jury. Such settlements can be motivated by a wide variety of considerations such as disputed liability, limited available insurance proceeds or collectible assets, avoidance of litigation expenses, special needs for prompt access to settlement proceeds, etc. It is not uncommon for claims or lawsuits occasionally to be compromised for amounts substantially less than the actual medical, hospital, funeral, and burial expenses incurred by a claimant or plaintiff—particularly in cases where there may be a remote likelihood of liability. Pre-trial settlements are usually, as here, opaque with respect to the proportion of medical, hospital, funeral, and burial expenses in relation to the total recovery. To impose upon all pre-trial wrongful death settlements a requirement that the net proceeds must first be allocated to medical, hospital, funeral, and burial expenses before distribution for other damages could frequently, as here, be inequitable and create an undesired counter-incentive to seek settlement. In light of these factors, we decline to construe expansively the Wrongful Death Act so as to impose upon compromise settlements made before an adjudication of total damages a requirement that resulting proceeds first be used to fully repay the medical, hospital, funeral, and burial expenses.

We do not agree, however, with the widow's contention that none of the wrongful death settlement proceeds can be paid to the Estate for the funeral and burial expenses. It is quite apparent from the language of the Act that, in creating a statutory cause of action for wrongful death, the legislature intended particular attention to the payment of medical, hospital, funeral, and burial expenses. To extend this legislative objective to pre-trial settlements, a proportional allocation appears most equitable. To guide the distribution of pre-adjudication settlements in wrongful death cases in a manner consistent with the statutory scheme for distribution of proceeds when damages are adjudicated, we exercise our common law supervisory authority.

We hold that, to resolve such disputes as presented in this case, a court should direct payment from the pre-trial wrongful death settlement that part of the medical, hospital, funeral, and burial expenses that corresponds to the ratio of the total of such expenses to the estimated

4

total damages sustained.[2]  We understand that in such disputes a court's allocation of a pre-trial wrongful death settlement may require that the court receive evidence from the parties to enable it to ascertain the approximate total damages and thus determine a proportionate equitable allocation.

We reverse the court's September 5, 2007, order to the extent that such order approves the claim of the Successor Personal Representative for the distribution of the full amount of funeral and burial expenses from the wrongful death settlement proceeds.  This case is remanded to the court for a determination of the portion of said expenses to be distributed to the Estate from the wrongful death settlement in a manner consistent with this opinion.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[2] For the purpose of this calculation, and because the objective is to apportion fairly small pre-trial settlements that likely already reflect improbable liability, comparative fault, collectability, or other similar factors, the "estimated total damages sustained" are those that would be assessed under the Act from all sources, but without diminution for comparative fault.  The Wrongful Death Act specifies:

> [T]he damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission.

Ind. Code § 34-23-1-1.  Damages for wrongful death may include "such a sum as will compensate the persons on whose behalf the action is brought for the pecuniary injury which they have sustained by the death."  Consolidated Stone Co. v. Staggs, 164 Ind. 331, 337, 73 N.E. 695, 697 (1905) (*quoted approvingly in* Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001)).  In addition, such damages may also include loss of care, love and affection, and of training and guidance for children.  Dillon v. Glover, 597 N.E.2d 971, 974 (Ind. Ct. App. 1992).