**STATE of Indiana, Appellant,**

**v.**

**Gordon V. VANKIRK, Appellee.**

**No. 29A02–1012–CR–1418.**

Court of Appeals of Indiana.

Oct. 5, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Frederick Vaiana, Tyler D. Helmond, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State appeals a reserved question of law after the trial court found Gordon Vankirk not guilty of operating a motor vehicle while privileges are forfeited for life, a class C felony.[1]

We affirm.

### ISSUE

Whether the trial court improperly found that Vankirk's driving privileges had not been forfeited for life because Vankirk's sentence for operating of a motor vehicle while an habitual traffic violator had been modified from a class D felony to a class A misdemeanor.

### FACTS

On February 1, 2005, Vankirk pleaded guilty under cause number 29D05–0405–FD–2990 ("Cause No. 2990") to operating a motor vehicle while an habitual traffic violator, a class D felony. Pursuant to the plea agreement, the State agreed that it would not object to alternative misdemeanor sentencing if Vankirk successfully completed probation.

The trial court accepted the plea agreement and sentenced Vankirk to three years, with all but twenty days suspended, and ordered probation. The trial court also ordered that upon Vankirk's "success-ful completion of probation, the [S]tate would have no objection to a modification of [his] sentence to an [a]lternative A misdemeanor. . . ." (State's Ex. 5). Effective immediately, the BMV suspended Vankirk's driving privileges indefinitely and updated Vankirk's driving record to reflect his status as an habitual traffic violator with driving privileges forfeited for life pursuant to Indiana Code section 9–30–10–16(c), which provides that a person who is convicted of felony operating a motor vehicle while an habitual traffic violator forfeits the privilege of operating a motor vehicle for life.

Vankirk subsequently completed probation. On August 31, 2006, pursuant to the plea agreement, the trial court modified the judgment of conviction in Cause No. 2990 to a class A misdemeanor and entered judgment accordingly. The trial court, however, did not address the prior forfeiture of Vankirk's driving privileges.

On January 20, 2009, Westfield Police Officer Brett Bays conducted a traffic stop after he observed Vankirk make a "lane movement without signaling his intent to change the lane" on U.S. 31. (Tr. 12). After checking the Bureau of Motor Vehicles' ("BMV") records on his laptop computer, Officer Bays determined that Vankirk's driving privileges had been forfeited for life.

On January 29, 2009, the State charged Vankirk with operating a motor vehicle while privileges are forfeited for life, a class C felony, under cause number 29D01–0901–FC–012. The trial court held a bench trial on November 8, 2010.

On November 12, 2010, the trial court entered its order and finding as follows:

---

1. Ind.Code § 9–30–10–17.

8. That as a Class D felony, a person forfeits the privilege of operating a motor vehicle for life by operation of law. This forfeiture is not based upon a Court determination, but is a sanction imposed by the legislature and must be implemented by the BMV without Court action. The legislature though has determined that forfeiture for life is not the appropriate sanction when dealing with Class A Misdemeanors. In Class A Misdemeanors, the legislature has given to the Courts, if the Courts find appropriate, the authority to suspend a person's driving privileges for a period of time in addition to any suspension of driving privileges already imposed upon the person. Therefore, when driving in Westfield, Ind. on January 20, 2009, the Defendant was not driving after his driving privileges were "forfeited for life" as prohibited by the statute. As a matter of law, because the Defendant was sentenced as a Class A Misdemeanor, his driving privileges could only have been suspended and not forfeited.

(App.33–34). Accordingly, the trial court found Vankirk not guilty of operating a motor vehicle while privileges are forfeited for life.

### DECISION

■ Indiana Code section 35–38–4–2 provides that an appeal may be taken by the State to the Court of Appeals "[u]pon a question reserved by the state, if the defendant is acquitted." When the defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *State v. Hunter*, 898 N.E.2d 455, 457–58 (Ind.Ct.App.2008). Although the issue addressed is moot, the purpose of the appeal is to provide guidance to the trial court in future cases. *Id.*

■ In this case, the State appeals the trial court's finding that Indiana Code section 9–30–10–16 provides for only the suspension of driving privileges, rather than the forfeiture of driving privileges for life, when a conviction is modified from a class D felony to a class A misdemeanor. The State also asserts that subsection (e) of Indiana Code section 35–38–1–1.5 specifically prohibits the modification of a defendant's driving privileges from forfeiture for life to suspension when a judgment on conviction as a class D felony is converted to a class A misdemeanor.

■ Statutory interpretation is a matter of law to be determined de novo by this court. *Pendleton v. Aguilar*, 827 N.E.2d 614, 619 (Ind.Ct.App.2005), *trans. denied.* "A statute that is clear and unambiguous must be read to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." *Indiana Mun. Power Agency v. Town of Edinburgh*, 769 N.E.2d 222, 226 (Ind.Ct. App.2002). "The words and phrases of such a statute shall be taken in their plain, ordinary, and usual sense." *Id.* We therefore shall construe and interpret a statute only if it is ambiguous. *Pendleton*, 827 N.E.2d at 619.

When faced with two conflicting statutory provisions, we seek first to harmonize the two. If the two statutes "can be read in harmony with one another, we presume that the Legislature intended for them both to have effect. Statutes relating to the same general subject matter 'are in *pari materia* [on the same subject] and should be construed together so as to produce a harmonious statutory scheme.'"

*Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind.2009) (internal citations omitted). "It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other."

*Hecht v. State,* 853 N.E.2d 1007, 1011 (Ind. Ct.App.2006), *trans. denied.* "When two statutes cover the same subject and one does so in general terms while the other does in specific terms, the more specific statute prevails and shall be applied." *Id.*

Indiana Code section 9–30–10–16(a)(1) provides, in pertinent part, that a person who operates a motor vehicle "while the person's driving privileges are validly suspended ... and the person knows that the person's driving privileges are suspended" commits a class D felony. Subsection (c) provides as follows:

> In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgment for conviction of a Class A misdemeanor is entered for an offense under subsection (a), *the court may order a period of suspension* of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

(Emphasis added).

■ A suspension terminates driving privileges for only a definite period of years while a forfeiture terminates driving privileges for life. *See Leslie v. State,* 755 N.E.2d 1147, 1150 (Ind.Ct.App.2001). Thus, in terms of consequences, there is a significant difference between a class D felony conviction and a class A misdemeanor conviction for an offense under Indiana Code section 9–30–10–16.

Indiana Code section 35–38–1–1.5(a) provides that a trial court "may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions." Under subsection (e), however, "[t]he entry of a judgment of conviction ... does not affect the application of any statute requiring the suspension of a person's driving privileges."

Both Indiana Code section 9–30–10–16 and Indiana Code section 35–38–1–1.5 address the suspension of driving privileges. The former, however, also addresses the forfeiture of driving privileges. The latter is silent regarding lifetime forfeitures. Given the difference between suspensions and forfeitures, we cannot agree with the State that a modification under Indiana Code section 35–38–1–1.5 prohibits modifying a defendant's driving privileges from forfeiture to suspension, particularly as the statute is silent regarding forfeitures.

Furthermore, given the difference we cannot agree that the language of Indiana Code section 9–30–10–16(c) "reveals the legislature's belief that even a class A misdemeanor conviction can still result in a lifetime forfeiture of driving privileges." State's Br. at 7. Rather, the legislature clearly proscribed forfeiture only in the event of a class D felony conviction under Indiana Code section 9–30–10–16.

Moreover, contrary to the State's assertion, Indiana Code section 9–30–10–16 does not provide for a suspension of driving privileges only if the class A misdemeanor conviction is entered *immediately* upon the entry of a judgment of conviction pursuant to Indiana Code section 35–50–2–7(b).[2] Rather, the statute specifically provides that "if" a class A misdemeanor conviction is entered, the trial court may order a period of suspension. It does not proscribe that the conviction for a class A

---

2. Indiana Code section 35–50–2–7(b) provides that "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly."

misdemeanor must be entered upon the entry of the initial conviction. *Cf. State v. Brunner*, 947 N.E.2d 411, 416 (Ind.2011) (finding that the language of Indiana Code section 35–50–2–7(b), specifically, that "the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly," grants a trial court authority to reduce a class D felony to a class A misdemeanor "to the moment the trial court first enter[s] its judgment of conviction and before the trial court announce[s] sentence"), *reh'g denied.*

Given the clear and unambiguous language of the statutes in question, we cannot say that the trial court erred in finding that Vankirk's driving privileges were no longer forfeited for life once the trial court entered a class A misdemeanor conviction in Cause No. 2990. Rather, we find that entering a judgment of conviction for a class A misdemeanor pursuant to Indiana Code section 35–38–1–1.5 for an offense under Indiana Code section 9–30–10–16 removes the lifetime forfeiture of a defendant's driving privileges.

We note, however, that neither Indiana Code section 9–30–10–16 nor Indiana Code section 35–38–1–1.5 prevents a trial court from ordering an additional period of suspension of the defendant's driving privileges upon the conversion of a class D felony conviction to a class A misdemeanor conviction. We therefore remind trial courts and parties to plea agreements that any order or plea agreement regarding future alternative sentencing should specify an additional period, if any, of suspension of the convicted person's driving privileges upon the entry of a judgment for conviction of a class A misdemeanor for an

offense under Indiana Code section 9–30–10–16(a).[3]

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

3. In this case, neither the plea agreement nor the sentencing order provided for an additional suspension of driving privileges in the event the trial court converted Vankirk's conviction. Furthermore, in converting Vankirk's conviction, the trial court did not order an additional period of suspension pursuant to Indiana Code section 9–30–10–16(c).