**Helen GOLDMAN, Individually and in her capacity as Administrator of the Estate of Laverne Gillespie, Deceased, Appellant–Petitioner,**

v.

**Dr. Jin S. CHA d/b/a Jin S. Cha, Inc., Appellee–Respondent.**

**No. 45A05–9709–CV–403.**

Court of Appeals of Indiana.

Jan. 15, 1999.

John M. Kopack, Kopack & Associates, Merrillville, for Appellant–Petitioner.

Jon F. Schmoll, Kisti Good Risse, James Ahler Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellee–Respondent.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Helen Goldman, as Administratrix of the Estate of LaVerne Gillespie, appeals from an adverse judgment in her wrongful death ac-

tion against Jin S. Cha, M.D., based upon the alleged medical malpractice of Dr. Cha which caused the death of Gillespie. We affirm.

### THE ISSUE

The Administratrix raises but one issue on appeal and that is whether the trial court erred in allowing Dr. Cha to testify in violation of the Dead Man's Statute as to conversations he had with the decedent regarding the issue of informed consent.

### FACTS AND PROCEDURAL HISTORY

On September 6, 1987, LaVerne Gillespie, died at the Northwestern University Hospital in Chicago. Goldman contends in this action that Gillespie's death was caused by Dr. Cha's negligent performance of surgical procedures on Gillespie at the Munster Community Hospital in August of 1987, and that Dr. Cha failed to get Gillespie's informed consent to the surgery. After having filed a proposed complaint with the Commissioner of Insurance as required by the Medical Malpractice Statute, Ind.Code § 34–18–1–1, *et seq.*, and receiving the report of the medical review panel indicating Dr. Cha deviated from the standard of care, "but that deviation was not a factor of any resultant damages" (R. 1001), this action for wrongful death was filed by Goldman as personal representative of the Estate of Gillespie. At trial, Dr. Cha was permitted to testify as to his conversations with Gillespie concerning her giving informed consent.[1] The jury returned a verdict in favor of Dr. Cha.

### DISCUSSION AND DECISION

We are confronted with the sole issue of whether or not the defendant-physician in a wrongful death action based upon his alleged malpractice was incompetent under the Dead Man's Statute to testify as a witness in his own behalf. There is a body of case law holding that interested parties are not rendered incompetent to testify in wrongful death actions. 51 AM. JUR.2d, *Witnesses,* § 577; H.H. Henry, Annotation, *Competen-*

*cy of Witness in Wrongful Death Action as Affected by Dead Man Statute,* 77 A.L.R.2d 676, 681 (1961). These decisions are predicated upon the theory that any recovery is not for the benefit of the estate, or that the personal representative in bringing the action is merely a nominal party. 77 A.L.R.2d at 681. Therefore, in resolving this issue, we look to the Indiana Wrongful Death Statute, the Dead Man's Statute, and the purposes of those statutes, as well as to prior Indiana decisions on the subject.

The Wrongful Death Statute, Ind. Code § 34–1–1–2, (now Ind.Code § 34–23–1–1), provides that the personal representative of one whose death is caused by the wrongful act of another may bring an action against that person, and that damages over and above reasonable medical, hospital, funeral and burial expenses, "shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children" or dependent next of kin. Wrongful death proceeds do not become part of the decedent's estate and are not subject to claims of creditors of the decedent. *Matter of Estate of Bruck,* 632 N.E.2d 745, 748 (Ind.Ct.App. 1994); *Thomas v. Eads,* 400 N.E.2d 778, 783, (Ind.Ct.App.1980). In bringing the wrongful death action, the personal representative is not acting as such, but acts only as a trustee for the statutory beneficiaries. *Flock v. Snider,* 700 N.E.2d 466, 468 (Ind.Ct.App.1998).

At the time of the trial, the Dead Man's Statute, Ind.Code § 34–1–14–6[2], in relevant part provided:

[i]n suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue of record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against the estate.

"[T]he only purpose of the dead man's statutes is to preserve decedents' es-

---

1. We have not stated the details of Gillespie's treatment and her ultimate death because they are not relevant or necessary to our determination of the limited issue presented in this appeal.

2. This statute has been re-codified and re-formatted as Ind.Code § 34–45–2–4, but with no substantive changes.

tates from spurious claims or defenses. If the estate of the decedent is not affected, either directly or indirectly, the statute is not intended to apply." *Summerlot v. Summerlot,* 408 N.E.2d 820, 827 (Ind.Ct.App.1980). Because Gillespie's estate would not have been affected, *Matter of Estate of Bruck,* 632 N.E.2d at 748; *Thomas* 400 N.E.2d at 783, the Dead Man's Statute did not apply. Indeed, nearly a century ago, the Indiana Supreme Court held that a defendant in a wrongful death action is not an incompetent witness under the Dead Man's Statute because it is not a case where a judgment may be rendered for or against the estate. *Lake Erie & W. R.. Co. v. Charman,* 161 Ind. 95, 109, 67 N.E. 923, 927 (1903). Further, on a related issue, this court held in a case brought against a decedent's estate, where, because of the passage of time, a judgment could be recovered only against the decedent's insurer and not against his estate, the Dead Man's Statute did not render the plaintiff an incompetent witness, because the legislature "in enacting the Dead Man's Statute for the protection of the assets of an estate and to prevent fraudulent claims did not intend .... to prevent testimony that could not, in any way, affect the estate assets." *Jenkins v. Nachand,* 154 Ind.App. 672, 290 N.E.2d 763, 769 (1972).

We are aware that some cases in other jurisdictions have reached an opposite result. The Appellate Court of Illinois recently held that a physician-defendant in a wrongful death action based upon his alleged malpractice, was prohibited by the Dead Man's Act from testifying as to his conversations with the patient-decedent. *Groce v. South Chicago Community Hospital,* 282 Ill.App.3d 1004, 218 Ill.Dec. 453, 669 N.E.2d 596, 600 (1996). Nevertheless, we believe Indiana law is clearly to the contrary. Therefore, we hold that the Indiana Dead Man's Statute does not apply to wrongful death actions, and that it was not error to admit Dr. Cha's testimony.

Judgment affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.