The ESTATE OF Paul W.
THORNTON, et al.,
Plaintiffs,

v.

SEA QUEST, INC., Defendant.

No. 2:97–CV–232–RL–1.

United States District Court,
N.D. Indiana,
Hammond Division.

April 26, 1999.

David M. Hargis, Little Rock, AR, for plaintiffs.

William J. Turbeville, II, Hruska and Lesser, Boca Raton, FL, Will Bond, Bond and O'Brien, Jacksonville, AR, for defendant.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on April 1, 1999. For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

As the Court has explained the details of the incident that spurred this litigation in its previous orders, it will not do so here. After the death of Paul Thornton ("Thornton") in 1994 while using Defendant's scuba diving equipment on a vacation in Arkansas, Plaintiffs filed a wrongful death action in the Eastern District of Arkansas claiming breach of warranty, negligence and strict liability. The case was transferred to the Northern District of Indiana. In its March 19, 1998 Order, the Court determined that Indiana law, rather than Arkansas law, governs this case.

Though this case was originally brought by counsel on behalf of Plaintiffs, Plaintiffs are currently proceeding *pro se*. The Court granted several continuances of the trial date so that Plaintiffs might retain counsel. As of the date of this order, Plaintiffs were unable to acquire representation. The trial date is set for May 3, 1999.

### DISCUSSION

The standards generally governing summary judgment are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)· In deciding a motion for summary judgment, a court must read all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *NUCOR v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir.1994).

The burden is upon the moving party to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits," if any, which it believes demonstrates an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party has met this burden, the nonmoving party may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Becker v. Tenenbaum–Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir.1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir.1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that might effect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir.1988) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whit-*

*ley County REMC,* 840 F.2d 405, 410 (7th Cir.1988); *see also Hickey v. AE Staley Mfg.,* 995 F.2d 1385, 1391 (7th Cir.1993). Therefore, if a party fails to establish the existence of an essential element of its case on which it bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be " 'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

■■■ In the instant motion, Defendant Sea Quest limits its motion for summary judgment to one issue. Defendant insists that Plaintiffs' claims be dismissed because Indiana law requires a plaintiff in a wrongful death suit be the "personal representative" of the decedent. Indiana's Wrongful Death Act ("Act") states, in relevant part, that

> [w]hen the death of one is caused by the wrongful death or omission of another, the personal representative of the former may maintain an action, therefor against the latter ... the action shall be commenced by the personal representative of the decedent within two (2) years.

Ind.Code § 34–1–1–2 (repealed 1998) (current version at Ind.Code § 34–23–1–1 (1998)). The decedent's personal representative is the only one who can prosecute an action pursuant to the Act, and is the only proper plaintiff. *Estate of Sullivan v. United States,* 777 F.Supp. 695, 699 (N.D.Ind.1991); *South v. White River Farm Bureau Co-op.,* 639 N.E.2d 671, 673 (Ind.Ct.App.1994) (finding that the bringing of an action by the personal represen-

tative is a condition precedent to action). In bringing the wrongful death action, the personal representative acts only as a trustee for the statutory beneficiaries. *Goldman v. Cha,* 704 N.E.2d 157, 158 (Ind. Ct.App.1999); *Flock v. Snider,* 700 N.E.2d 466, 468 (Ind.Ct.App.1998). The surviving next of kin are not and have no right to become, parties, and they cannot compromise or control the action. 10 *Indiana Law Encyclopedia* § 16 (1983); *Cleveland, C., C. & St. L. Ry. Co. v. Osgood,* 36 Ind.App. 34, 73 N.E. 285, 286 (1905).

In this case, the ten Plaintiffs named in the original complaint claim to be "the heirs at law of Paul W. Thornton".[1] None of them are identified as the "personal representative" of Thornton's estate, though one Plaintiff, Darrell F. Brown ("Brown"), is identified as the administrator of Thornton's estate. Indiana law makes clear that none of Thornton's next of kin can maintain this wrongful death suit against Defendant. Therefore, Plaintiffs must prove that the State of Indiana appointed one of them as a personal representative to prevent the suit from being dismissed.

■■■ Plaintiffs' response brief states that James T. Austin ("Austin") and Plaintiff Patricia M. Thornton ("Patricia") were appointed as personal representatives of Thornton's estate on June 15, 1994, by the Porter Superior Court. (*See* Pls.' Exs. A & B) According to Plaintiffs' brief, Austin resigned as domiciliary personal representative on October 17, 1995. (Pls.' Ex. C) (Austin's petition to resign). Based on Plaintiffs' exhibits, it seems that together Austin and Patricia satisfied the requirements of Indiana Code § 29–1–10–1(c),

---

1. On April 30, 1997, Plaintiffs filed a motion for leave to amend their complaint. The motion indicated that they intended to add two Defendants in order to provide them with formal notice before the expiration of the applicable statute of limitations. The motion also noted that it was not opposed by any party. The amended complaint was referred to as Exhibit A, but no such exhibit was found in the record. Further, although the Eastern

District of Arkansas granted this motion on June 1, 1997, this Court is unable to find such amended complaint in the record.

The motion refers only to the addition of new Defendants, and makes no mention of any change in Plaintiffs' status. Plaintiffs do not mention the amended complaint in their response brief. Therefore, the Court will consider only the original complaint.

which allows a nonresident individual (Patricia) to serve as a joint personal representative with a resident personal representative (Austin). *See* Ind.Code § 29–1–10–1(c) (requiring a bond be posted by the co-representatives).

After Austin resigned, Thornton was left as the sole personal representative. Indiana law does not explain the treatment of a remaining nonresident co-representative after the domiciliary co-representative resigns. According to Indiana Code § 29–1–10–1(d), a nonresident initially appointed as the sole personal representative of an estate must give the court "notice of the appointment of a resident agent to accept service of process, notices, and other documents." Ind.Code § 29–1–10–1(d). Neither party has tendered any evidence of notice of a resident agent's appointment in this case. However, because Indiana law does not clearly state that this is required where the domiciliary co-representative as resigned, and Defendant indicates that Patricia is indeed the proper personal representative, the Court will assume so as well.

Defendant has called into question the ability of Patricia to try this case pro se, indicating that her mental status is deteriorating. If this is indeed the case, Patricia may resign or be removed by the state court with proper jurisdiction. When a personal representative becomes incapacitated, disqualified, unsuitable, or incapable of discharging her duties, the state court "on its own motion may, or on petition of any person interested in the estate shall, order the representative to appear and show cause why the representative should not be removed." Ind.Code § 29–1–10–6(a). If Patricia either resigns or is removed by the state court, the state court will consider appointing a successor personal representative. "When a personal representative ... is removed by the court, or resigns and such resignation is accepted by the court, the court may, and if [she] was the sole or last surviving personal representative and administration is not completed, the court shall appoint another personal representative in [her] place." Ind.Code § 29–1–10–7.

*CONCLUSION*

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment. The Clerk is **ORDERED** to **DISMISS** the following Plaintiffs: Darrell F. Brown, as the administrator of Thornton's estate, Patricia M. Brust, Margaret M. Toubo, Kathleen M. Naughton, Roberta M. Thornton, Elizabeth M. Hackett, Sean E. Thornton, Tracy C. Thornton, and Brendan P. Thornton.

The case will proceed to trial on May 3, 1999, with its remaining Plaintiff, Patricia M. Thornton as the personal representative of Thornton's estate.

Failure of any remaining party to appear on May 3, 1999, may result in dismissal for failure to prosecute, default for failure to defend and/or sanctions. If a successor personal representative is appointed before the trial date, the successor personal representative should immediately file a written notice and documentation with the Court.