# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Argueta v. Krivickas*, 2011 IL App (1st) 102166

---

| | |
|---|---|
| Appellate Court Caption | WALDEMAR A. ARGUETA, Plaintiff-Appellant, v. PETER D. KRIVICKAS, Deceased, by Special Representative, Rosa Gomez, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-10-2166 |
| Filed | July 8, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a collision at an intersection, summary judgment was properly entered for the deceased defendant, even though the trial court applied the Dead-Man's Act too broadly in excluding the portions of plaintiff's testimony concerning events that did not occur indisputably within decedent's presence, since plaintiff's evidence did not demonstrate that it was probable, not merely possible, that defendant caused the collision. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-1383; the Hon. Drella C. Savage, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Peter Zneimer and Sofia Zneimer, both of Zneimer & Zneimer PC, of Chicago, for appellant.

Adam K. Hanna, of Taylor Miller LLC, of Chicago, for appellee.

Panel

JUSTICE EPSTEIN delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice J. Gordon concurred in the judgement and opinion

**OPINION**

¶ 1    This litigation arose from a two-vehicle accident involving plaintiff, Waldemar A. Argueta, and the now-deceased defendant, Peter D. Krivickas, the only other known witness to the collision. Plaintiff appeals the trial court's grant of summary judgment in defendant's favor, claiming the trial court misapplied the Dead-Man's Act (the Act) (735 ILCS 5/8-201 (West 2008)). We affirm.

¶ 2                                    BACKGROUND

¶ 3    In 2008 plaintiff filed the instant negligence action against Krivickas, claiming damages from the accident. Krivickas subsequently passed away from injuries unrelated to the accident. Plaintiff then filed an amended complaint naming Rosa Gomez as Krivickas's special representative. Gomez answered, asserting plaintiff's negligence as an affirmative defense. After the parties exchanged interrogatories and completed depositions, Gomez moved for summary judgment claiming plaintiff could not prevail because the Act bars his testimony, and Krivickas, the only other known witness to the collision, is deceased. Plaintiff responded that Gomez had waived the Act by her affirmative defense and that his affidavit and the depositions of two police officers who responded to the collision created genuine issues of material fact precluding summary judgment. The trial court disagreed, granting defendant judgment. Plaintiff appeals.

¶ 4                                    ANALYSIS

¶ 5    Summary judgment is intended to determine whether triable issues of fact exist and "is appropriate where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996). "Since the entry of a summary judgment is not a matter committed to the discretion of the trial court, a reviewing court must independently examine the evidence presented in support of and in opposition to a motion for summary judgment [citation] and review the decision of the trial court *de novo*

-2-

[citation]." *Groce v. South Chicago Community Hospital*, 282 Ill. App. 3d 1004, 1006 (1996). "The trial court's summary judgment may be affirmed on any basis appearing in the record whether or not the court relied on that basis or its reasoning was correct." *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 50 (1992).

¶ 6		Where, as in this case, the defendant moves for summary judgment, she may prevail

> "(1) by affirmatively disproving the plaintiff's case by introducing evidence that, if uncontroverted, would entitle the movant to judgment as a matter of law (traditional test) [citation], or (2) by establishing that the nonmovant lacks sufficient evidence to prove an essential element of the cause of action (*Celotex* test) [citations].

> *** Only if a defendant satisfies its initial burden of production does the burden shift to the plaintiff[ ] to present some factual basis that would arguably entitle [him] to a judgment under the applicable law. [Citation.] A party opposing summary judgment may rely solely upon the pleadings to create a question of material fact until the movant supplies facts that would clearly entitle it to judgment as a matter of law." *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 688-89 (2000).

Gomez met her initial burden here by arguing, based on plaintiff's interrogatory answers (*Washington v. City of Evanston*, 336 Ill. App. 3d 117, 130-31 (2002)), that plaintiff lacks sufficient evidence to prevail because Krivickas is deceased, and plaintiff, the only other known witness to the collision, is barred by the Act from testifying as to certain issues. Application of the Act here is a matter of statutory interpretation.

> "The controlling principles are familiar. The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature. The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. The statute should be evaluated as a whole, with each provision construed in connection with every other section. [Citations.] When the statutory language is clear, no resort is necessary to other tools of construction." *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 216-17 (2008).

The Act unambiguously bars plaintiff from testifying to matters within the decedent's presence:

> "In the trial of any action in which any party *** defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***." 735 ILCS 5/8-201 (West 2008).

The Act also provides, however, in subsection (a):

> "If any person *testifies* on behalf of the representative to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***, any adverse party or interested person, if otherwise competent, may testify concerning the same conversation or event." (Emphasis added.) 735 ILCS 5/8-201(a) (West 2008).

Plaintiff maintains Gomez triggered this provision by asserting plaintiff's negligence as an

affirmative defense. This contention is unavailing, however, for subsection (a) applies to *testimony*, evidence, not unsworn allegations. *Goad v. Evans*, 191 Ill. App. 3d 283, 300 (1989) ("[S]ubsection (a) permits the decedent's representative to in effect waive the protection of the Dead Man's Act by presenting evidence concerning events which occurred in the presence of the decedent."). The allegations in Gomez's answer are not evidence. 735 ILCS 5/2-605(a) (West 2008) ("Verified allegations do not constitute evidence except by way of admission."); *In re Application of County Collector*, 41 Ill. App. 3d 106, 109 (1976) ("Unsworn allegations are not evidence."). It therefore cannot be said that she waived the Act. "Unless and until" Gomez introduces evidence relating to matters within the decedent's presence, plaintiff cannot testify to the same. *Groce*, 282 Ill. App. 3d at 1010.

¶ 7        It is plaintiff's claim that Krivickas:

> "(a) Negligently, carelessly, and improperly operated [his] vehicle;
>
> (b) Negligently, carelessly, and improperly operated said motor vehicle at an excessive rate of speed;
>
> (c) Negligently, carelessly, and improperly failed to stop or slacken in speed when danger to Plaintiff was imminent;
>
> (d) Negligently, carelessly, and improperly failed to decrease speed when approaching and crossing an intersection;
>
> (e) Negligently, carelessly, and improperly failed to give any warning signal to the Plaintiff by sounding the horn;
>
> (f) Negligently, carelessly, and improperly failed to keep a proper and sufficient lookout for adverse vehicles;
>
> (g) Negligently, carelessly, and improperly failed to keep said motor vehicle under proper and sufficient control so that it could be readily stopped and slackened in speed;
>
> (h) Negligently, carelessly, and improperly[ ] failed to obey the instructions of an official traffic control device;
>
> (i) Negligently, carelessly, and improperly, facing steady red signal, failed to stop said motor vehicle."

The Act bars plaintiff from testifying to facts within the decedent's presence, including the speed and operation of the decedent's vehicle, any warnings the decedent provided or failed to provide, the decedent's alleged failure to control his vehicle, and his alleged failure to "keep a proper and sufficient lookout for adverse vehicles." As plaintiff does not point to any admissible evidence in the record supporting a finding in his favor on these claims, the trial court properly granted Gomez summary judgment on this portion of plaintiff's complaint. This leaves the traffic signal issue, a claim premised solely on plaintiff's affidavit and the officers' depositions.

¶ 8        A deposition may be used to oppose a summary judgment if it "meet[s] the affidavit requirements of Rule 191(a) (134 Ill. 2d R. 191(a)), including the requirement that it be made on the personal knowledge of the deponent and that it not consist of conclusions but of facts admissible in evidence." *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107, 135-36 (2007). "[U]nsupported conclusions, opinions, or speculation are insufficient to raise a

genuine issue of material fact." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 132 (1992). The officers here testified they arrived at the scene after the collision, that they could not recall the decedent admitting he drove through a red light, and that they reported, based on their investigation and conversations with the drivers, that the decedent caused the collision after failing to stop at the red light. This testimony is inadmissible, however, as nothing therein establishes the officers' personal knowledge of the relevant facts. Their testimony regarding the traffic signal is purely speculative.

¶ 9   As for plaintiff's affidavit, the Act bars plaintiff from testifying to the condition of the light or the intersection while the decedent was present. It does not, however, bar plaintiff's testimony regarding matters outside the decedent's presence, that is, "evidence of facts that the decedent could not have refuted." *Balma v. Henry*, 404 Ill. App. 3d 233, 240 (2010). Plaintiff averred:

"1. *** I have been through the intersection located at 55th Street and Racine Ave. in Chicago, Illinois on many occasions prior to March 7th, 2006.

2. That based on the fact that I have been through said intersection many times, I can state from personal knowledge that 55th Street at Racine Ave. in Chicago has two lanes going east bound and two lanes going west bound. The east bound and west bound lanes of 55th Street are separated by a parkway full of trees and bushes.

3. That on March 7th, 2006, I was driving on the far right lane of 55th Street as I approached the intersection of Racine and 55th Street. This intersection is controlled by a traffic control light. That as I proceeded east bound on 55th Street, and was a quarter block from the intersection of Racine Ave. and 55th Street, I saw a car stopped at the traffic light on Racine Ave. facing north bound on Racine Ave. at the corner facing 55th Street. I was outside the view of defendant at that time since the view south bound traffic on Racine Ave. was blocked by the trees and bushes in the parkway between the east bound and west bound lanes of 55th Street. I have also been south bound on Racine Ave. headed toward the intersection of 55th Street prior to March 7th, 2006 and can testify that traffic on 55th Street headed east bound is blocked from view by trees and bushes until you get to the intersection itself.

4. I continued to observe the car that was facing north bound on Racine Ave. stopped at the light that controls the intersection of 55th Street and Racine Ave. all the way up until I reached Racine Ave. The north facing car remained stopped at the light facing north bound on Racine and never moved. Just before entering the intersection, I was still outside the presence of the Defendant since the view of the south bound traffic on Racine Ave. was blocked from my view by trees, bushes and obstructions in the parkway between the east bound and west bound lanes of 55th Street.

5. Additionally, when I was a car length from the intersection of 55th Street and Racine Ave. I observed that the traffic control light facing east bound traffic on 55th Street was green. When I observed the traffic light at this time, I was outside of the presence of the Defendant since the view of south bound traffic on Racine Ave. was blocked from my view by trees, bushes and other obstructions in the parkway between the east bound and west bound lanes of 55th Street."

Plaintiff's testimony regarding matters within the decedent's presence, such as, for example, the decedent's alleged view from Racine Avenue, is inadmissible. As for matters outside the decedent's presence, the relevant inquiry is not whether the decedent could see plaintiff on 55th Street but, rather, whether the decedent could also see that which plaintiff claims to have observed from 55th Street. The trial court concluded:

> "[T]he decedent could have refuted: The color of the traffic light when the plaintiff was half a block from the intersection, that when the plaintiff was a quarter block from the intersection he saw a car stopped at the light facing north on Racine Avenue and this car remained stopped at the light until the plaintiff reached the intersection; that plaintiff's traffic light was green when his car was a car length from the intersection; that between when he first saw the light and his entering the intersection the light never turned red; and that before reaching the intersection he observed a car passing left in the left lane on 55th Street and this car was two car lengths ahead of him when it entered the intersection right before him.
>
> The defendant only specifically argues that the plaintiff is barred from offering testimony to the color of the traffic light prior to the accident. However, these other events that the plaintiff alleges occurred in the intersection would also fall within the scope of the Dead Man's Act because they occurred within the presence of the decedent prior the accident."

This ruling was premised, however, on the unproven assumption that the decedent and plaintiff had the same view of the intersection. While it could reasonably be inferred that the decedent was present at the intersection immediately prior, during, and subsequent to the collision, thus barring plaintiff from testifying to any facts that occurred within that time frame, there is no competent evidence on the record establishing the decedent's view of the intersection. There is no evidence, for example, that the decedent could see the northbound vehicles on Racine Avenue while a quarter of a block away from the intersection, absent which the trial court should not have barred that testimony. See *Brown v. Arco Petroleum Products Co.*, 195 Ill. App. 3d 563, 569 (1989) ("In the absence of evidence establishing that the decedent would have observed and been able to testify to [the other driver's] actions before reaching the stop sign, it was error for the trial court to bar that portion of [the other driver's] testimony."). As the Act only bars plaintiff from testifying to that which the "decedent would have observed and been able to testify to," the trial court should not have excluded those portions of plaintiff's testimony that did not occur indisputably within the decedent's presence. *Id.* This error does not warrant reversal, however, for defendant is nonetheless entitled to summary judgment.

¶ 10     "A defendant in a negligence suit is entitled to summary judgment if he can demonstrate that the plaintiff has failed to establish a factual basis for one of the required elements of a cause of action for negligence." *Smith v. Tri-R Vending*, 249 Ill. App. 3d 654, 658 (1993).

> "The mere happening of an accident does not entitle a plaintiff to recover. A plaintiff must come forward with evidence of negligence on the part of the defendant and with evidence that the defendant's negligence was a proximate cause of the plaintiff's injuries. Proximate cause can only be established when there is a *reasonable certainty* that the defendant's acts caused the injury. [Citation.]

The test of summary judgment is the same as the test for a motion for a directed verdict. [Citation.] Although a plaintiff need not prove his entire case at the summary judgment stage, he must introduce evidence that would support a finding in his favor. In this case, at a trial, the plaintiff would be required to establish that it is more probably true than not true that [the decedent] was negligent in such a fashion that [ ]he proximately caused the accident. It would not be enough that the plaintiff introduce evidence from which a fact finder could conjecture or guess or suspect that *** [the decedent drove through a red light]." (Emphasis in original.) *Payne v. Mroz*, 259 Ill. App. 3d 399, 403 (1994).

Plaintiff's affidavit here, even if sustained on remand, does not establish that it is probable, rather than merely possible, that the decedent's negligence caused the accident. Under plaintiff's admissible version of the events prior to the collision, it is just as likely as not that the light changed prior to the decedent and the plaintiff reaching the intersection and/or that the northbound vehicle plaintiff observed also entered the intersection. While plaintiff maintains otherwise, the Act bars him from testifying to what happened once the decedent was present. Consequently, while a fact finder could on this record "conjecture or guess or suspect" that plaintiff had a green light prior to entering the intersection (*id.*), conjecture cannot sustain plaintiff's claim:

"It is not necessary that only one conclusion follow from the evidence. [Citation.] However, a fact cannot be established through circumstantial evidence unless the circumstances are so related to each other that it is the only probable, and not merely possible, conclusion that may be drawn. [Citation.] That is, where the proven facts demonstrate that the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that exists is a matter of speculation, surmise, and conjecture, and the trier of fact cannot be permitted to make that inference." *Keating v. 68th & Paxton L.L.C.*, 401 Ill. App. 3d 456, 473 (2010).

*Jewish Hospital of St. Louis v. Boatmen's National Bank of Belleville*, 261 Ill. App. 3d 750, 755 (1994) ("[O]n a motion for summary judgment, a fact will not be considered in dispute if raised by circumstantial evidence alone unless *** the conclusions therefrom are probable, not merely possible."). As plaintiff does not point to any other admissible evidence in the record demonstrating the decedent drove though a red light, the trial court properly granted defendant summary judgment on plaintiff's complaint.

¶ 11                                        CONCLUSION

¶ 12    Although the trial court applied the Act too broadly, defendant is entitled to summary judgment because plaintiff's admissible evidence does not demonstrate that it is probable, not merely possible, the decedent caused the underlying collision.

¶ 13    Affirmed.